ELLIOT T. ANDERSON, ESQ.
Nevada Bar No. 14025
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Tel: (702) 792-3773
Email: andersonel@gtlaw.com

LAURA SIXKILLER, ESQ.
(*pro hac vice* pending)
KATE L. BENVENISTE, ESQ.
(*pro hac vice* pending)
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 800
Phoenix, Arizona 85016
Tel: (602) 445-8000
Email: laura.sixkiller@gtlaw.com
kate.benveniste@gtlaw.com

*Attorneys for Plaintiffs/Counter-Defendants Eye-Fi Holdings, LLC and Eye-Fi, LLC*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EYE-FI HOLDINGS, LLC, a Delaware limited liability company; and EYE-FI, LLC, a Nevada limited liability company,

Plaintiffs,

v.

BRIAN BERGESON, an individual; KYLE NAKAMOTO, an individual; and 3 DOTS, LLC, a Nevada limited liability company,

Defendants.

BRIAN BERGESON, an individual,

Counterclaimant,

v.

EYE-FI HOLDINGS, LLC, a Delaware limited liability company; and EYE-FI, LLC, a Nevada limited liability company,

Counterdefendants.

Case No. 2:24-cv-00925-JCM-MDC

**[PROPOSED] JOINT DISCOVERY PLAN AND SCHEDULING ORDER**

**SPECIAL SCHEDULING REVIEW REQUESTED**

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

| |
|---|
| KYLE NAKAMOTO, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>EYE-FI HOLDINGS, LLC, a Delaware limited liability company; and EYE-FI, LLC, a Nevada limited liability company,<br><br>Counterdefendants. |

Pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1(a), Plaintiffs/Counter-Defendants EYE-FI HOLDINGS, LLC and EYE-FI, LLC (collectively, "Plaintiffs") and Defendant/Counterclaimant BRIAN BERGESON ("Bergeson"), Defendant 3 DOTS, LLC ("3 Dots"), and Defendant/Counterclaimant KYLE NAKAMOTO ("Nakamoto," or collectively with Bergeson and 3 Dots, "Defendants," and Defendants collectively with Plaintiffs, the "Parties"), conducted a Rule 26(f) meeting on September 24, 2024, via Zoom conference, which was attended by the following counsel: Laura Sixkiller (*pro hac vice*) and Elliot T. Anderson, counsel for Plaintiffs; Kyle M. Wyant, counsel for Nakamoto; and Mathew T. Kneeland, counsel for Bergeson and 3 Dots. Counsel for the Parties continued their discussions after this meeting. Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and LR 16-1 and 26-1, the Parties respectfully submit their Proposed Joint Discovery Plan and Scheduling Order as follows:

**I. <u>Statement Pursuant to LR 26-1(a) in Support of Special Scheduling</u>.**

The Parties have agreed to modification of the standard, presumptive discovery period contemplated by LR 26-1 to accommodate the full and efficient completion of discovery in this matter. Following motions to dismiss by Defendants, the Parties agreed to provide Plaintiffs with an extension of time to assess the motions to dismiss and prepare an amended complaint. Plaintiffs filed their First Amended Complaint on August 5, 2024. Given the breadth of the amendment, the Parties believe setting the discovery deadline from the date of the First Amended Complaint is more appropriate.

The Parties further believe that the complexity of this matter and the anticipated nature of discovery warrants a 365-day period for discovery rather than the standard 180-day period. The

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

First Amended Complaint sets forth 14 causes of action, in 246 paragraphs, including claims for the alleged misappropriation of over 27 categories of alleged trade secrets and six categories of alleged confidential information. Defendants, in turn, have brought counterclaims against Plaintiffs concerning, among other topics, the enforceability of certain restrictive covenants set forth in various agreements with Plaintiffs and the Plaintiffs' alleged bad faith enforcement of two agreements between the Parties, as well as counterclaims for unpaid wages and amounts due and owing from Plaintiffs and alleged wrongful termination. The Parties anticipate that discovery concerning the claims and counterclaims will involve the electronic collection, review, and production of a significant amount of material and Plaintiffs contend this discovery will include highly sensitive and confidential proprietary information, such as design files and related information. It is anticipated that such discovery will take longer than the presumptive 180-day discovery period because of the nature of the information, the volume of data expected to be exchanged before depositions can be conducted and expert opinions issued. The Parties, accordingly, respectfully ask the Court to have 365 days to complete discovery and to have that 365-day period run from the date of the First Amended Complaint, August 5, 2024.

## II. Discovery Plan – LR 26-1(a)-(b)

1. Discovery Cut-Off Date:

Rather than a 180-day period for discovery commencing from the date of the appearance of the first defendant as contemplated by LR 26-1(b)(1), the Parties request a 365-day period for discovery running from the date of the First Amended Complaint for the reasons set forth above, making the discovery cut-off **August 5, 2025**.

2. Amending the Pleadings and Adding Parties: The Parties shall have until **May 7, 2025**, to file any motions to amend the pleadings or to add parties, which is 90 days prior to the close of fact discovery.

3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts): The Parties shall have until **June 6, 2025** for initial expert disclosures under Rule 26(a)(2)(D)(i), which is 60 days before the close of fact discovery. The disclosure of rebuttal experts under Rule 26(a)(2)(D)(ii) shall be made on or before **July 7, 2025**, which is 29 days prior to the discovery cut-off because 30 days falls on a Sunday.

4. Dispositive Motions: The Parties propose a deadline of **September 4, 2025** for dispositive motions, which is 30 days after the discovery cut-off date.

5. Pretrial Order: The Parties propose a deadline of **October 6, 2025** to submit a joint pretrial order, which is 32 days after the dispositive-motion deadline because 30 days falls on a Saturday. If dispositive motions are filed, the date for filing the joint pretrial order (including Fed. R. Civ. P. 26(a)(3) disclosures by the Parties) will be suspended until 30 days after decision on the dispositive motions or further court order.

6. Alternative Dispute Resolution. The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation. The Parties are considering options for alternative dispute resolution, including submitting to private mediation prior to the discovery cut-off, and will notify the Court if they reach an agreement as to any such alternative resolution options.

7. Alternative Forms of Case Disposition. The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

8. Electronic Evidence. The Parties certify that they discussed and continue to discuss whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The Parties have not yet reached any stipulations but plan to prepare a protocol concerning, among other matters, providing discovery in an electronic format. The Parties will consult the Court's website or contact the Courtroom Administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

## III. Rule 26(f) Report

### A. Changes to the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement of when initial disclosures were or will be made.

The Parties served their respective Rule 26(a) disclosures on **October 18, 2024**. The Parties have agreed to rolling document productions of copies of documents identified in their Rule 26(a)

/ / /

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

disclosures after entry of a confidentiality agreement and protective order pursuant to Fed. R. Civ. P. 26(c).

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties agree that discovery should not be conducted in phases or otherwise limited to or focused on any particular issues except as follows: Eye-Fi states that, in the event that Eye-Fi moves to dismiss one or more of the amended counterclaims filed by Bergeson or Nakamoto (ECF Nos. 30 and 31), and while it is pending, Bergeson or Nakamoto seek discovery relating to the challenged counterclaims, then Eye-Fi plans to seek a partial stay of discovery and/or protective order, as the appropriate under the circumstances. Defendants dispute that a stay or protective order would be appropriate and plan to oppose any such request, as well as any motion to dismiss the amended counterclaims, and are reserving all objections.

**C. Issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs: Plaintiffs are concerned that there may be issues with the preservation of electronically stored information ("ESI") by one or more of Defendants. However, because discovery is at its infancy, Plaintiffs will reserve those concerns until after they receive Defendants' documents pursuant to Fed. R. Civ. P. 26(a) and Fed. R. Civ. P. 34. Outside of these significant preservation concerns, Plaintiffs do not anticipate any particular issues about disclosure or discovery of ESI, including the forms or format in which it will be produced, other than the need to preserve the confidentiality of such information given this case involves protected trade secret and other confidential information, and the potential scope of metadata that is subject to disclosure and whether such metadata should be available to anyone other than counsel and retained experts.

Defendants: Bergeson and 3 Dots do not anticipate any particular issues about disclosure, discovery, or preservation of ESI including the form or forms in which it should be produced. Nakamoto is concerned regarding potential altering or editing of documents by Plaintiffs based in part due to representations contained in the First Amended Complaint. Nakamoto has informed

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Plaintiffs that they need to produce metadata and files in native format so that any creation dates and change dates may be reviewed with respect to each relevant document.

**D. Issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Pursuant to Fed. R. Evid. 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. If the receiving party discovers materials that, upon inspection, the receiving party reasonably should understand to be privileged and inadvertently produced, the receiving party shall promptly inform the producing party and not further review or use such materials until the matter is resolved.

The Parties do not anticipate any issues regarding claims of privilege or of protection as trial-preparation materials. If any arise, the Parties agree to meet and confer and will submit a proposed protective order to the Court and, to the extent that the Parties cannot agree on certain provisions of the protective order, the Parties will bring the disputed issues to the Court for resolution.

**E. Changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules, and other limitations that should be imposed.**

The Parties do not propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court, and do not propose the imposition of any other discovery limitations other than as noted in Section III.B., above.

**F. Orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties have agreed to work in good faith on an ESI protocol concerning the discovery, disclosure and preservation of ESI that will address all material aspects of how ESI will be produced. Discussions are ongoing. The Parties will promptly present the ESI Protocol to the Court for review and approval once their discussions conclude. The Parties will bring any disputed issues to the Court for resolution.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

The Parties have also agreed that entry of a confidentiality agreement and protective order pursuant to Fed. R. Civ. P. 26(c) is necessary and will submit a proposed confidentiality and protective order for the Court's approval. The Parties will bring any disputed issues to the Court for resolution.

**SO STIPULATED.**

DATED this 12th day of November, 2024.

**GREENBERG TRAURIG, LLP**

*/s/ Elliot T. Anderson*
ELLIOT T. ANDERSON, ESQ.
Nevada Bar No. 14025
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135

LAURA SIXKILLER, ESQ.
(*pro hac vice* pending)
KATE L. BENVENISTE, ESQ.
(*pro hac vice* pending)
**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 800
Phoenix, Arizona 85016
*Attorneys for Plaintiffs/Counter-Defendants Eye-Fi Holdings, LLC and Eye-Fi, LLC*

**SYLVESTER & POLEDNAK, LTD.**

*/s/ Matthew T. Kneeland*
JEFFREY R. SYLVESTER, ESQ.
Nevada Bar No. 4396
MATTHEW T. KNEELAND, ESQ.
Nevada Bar No. 11829
1731 Village Center Circle
Las Vegas, Nevada 89134
*Attorneys for Defendant/Counterclaimant Brian Bergeson and Defendant 3 Dots, LLC*

**SHEA LARSEN**

*/s/ Kyle M. Wyant*
BART K. LARSEN, ESQ.
Nevada Bar No. 8538
KYLE M. WYANT, ESQ.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
*Attorneys for Defendant/Counterclaimant Kyle Nakamoto*

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: 11-13-24

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)