**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Eye-Fi Holdings, LLC, *et al.,* | 2:24-cv-00925-JCM-MDC |
| Plaintiff(s), | |
| vs. | **ORDER DENYING MOTIONS TO STRIKE** |
| Brian Bergeson, et al., | **(ECF NOS. 42 AND 43)** |
| Defendant(s). | |

Plaintiffs Eye-Fi Holdings, LLC and Eye-Fi, LLC (collectively, "Eye-Fi") filed *Motions to Strike* ("Motions") portions of defendant Brian Bergeson's amended counterclaim per Federal Rule of Civil Procedure Rule 12(f). *See* ECF No. 42 (unsealed version) and 43 (sealed version)[1]. The Court denies the Motions for the reasons stated below.

## I.  BACKGROUND

This is a trade secret and breach of contract case brought by Eye-Fi against former employees. ECF No. 18. Eye-Fi seeks to strike Paragraphs 12, 18, 2-23 from the counterclaim by defendant Bergeson, Eye-Fi's former employee. *See* ECF Nos. 42 and 43. Eye-Fi states t these allegations are impertinent and unimportant because they pertain to the alleged unenforceability of the restrictive covenants, and by extension the Unit Agreement and Settlement Agreement, for lack of consideration. ECF No. 42 at 3. Eye-Fi disputes that such matters lack consideration and are unenforceable and that they cannot be connected to any specific claim for relief. *Id.* at 3:10.

Bergeson argues that Eye-Fi ignores the well-pled connection between the unenforceability of the Equity Incentive Plan and Eye-Fi's bad faith motivation to level its initial accusations of wrongful competition and solicitation in 2021. *See* ECF No. 48 at 11. Bergerson further argues that the allegations

---

[1] Plaintiffs separately filed a motion to seal at ECF No. 39.

go towards his theory that Eye-Fi knew the restrictive covenants were unenforceable at that time and sought to "revive" them in bad faith, culminating in the Separation Agreement at issue. *See* ECF No. 31, at ¶¶ 15, 19.

## II. DISCUSSION

### A. Legal Standard

Motions to strike are generally disfavored and should not be granted unless it is clear that the allegations to be stricken could have no possible bearing on the subject matter of the litigation. *See Armed Forces Bank, N.A. v. FSG-4, LLC*, No. 2:11-CV-654 JCM CWH, 2011 WL 5513186, at *4 (D. Nev. Nov. 10, 2011)(*citing Colaprico v. Sun Microsystems, Inc*., 758 F.Supp. 1335, 1339 (N.D.Cal.1991). To prevail on a motion to strike pursuant to Federal Rule of Civil Procedure 12(f), the moving party must show that that complaint: (1) contains redundant, immaterial, impertinent, or scandalous assertions; and (2) causes prejudice to the moving party. See *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1994); see also *U.S. v. 729.773 Acres of Land, More or Less, Situate in City and County of Honolulu*, 531 F.Supp. 967, 971 (D.Haw. 1982) ("A motion to strike is a severe measure and it is generally viewed with disfavor. [I]t is not normally granted unless prejudice would result to the movant from the denial of the motion . . ..."). In deciding a motion to strike, courts may not resolve disputed and substantial factual or legal issues. *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973-974 (9th Cir. 2010)(Holding that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). Such an argument is more properly advanced on a motion to dismiss or for summary judgment. *Id*. An allegation is "immaterial" if it "has no essential or important relationship to the claim for relief." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1382. "Impertinent" matters consist of statements that do not pertain, and are not necessary, to the issues in question. *Id.*

"If the court is in doubt as to whether the challenged matter may raise an issue of fact or law,

the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc.*, 618 F.3d at 973). Rule 12(f) motions should not be used as a means to have certain portions of a complaint dismissed or to obtain summary judgment as to those portions, as these actions are better suited for a Rule 12(b)(6) motion or a Rule 56 motion. *Whittlestone, Inc.*, 618 F.3d at 974. In ruling on a motion to strike, the court accepts as true the factual allegations underlying the claim. *Kelly v. Kosuga*, 358 U.S. 516, 516 (1959). Whether to grant a motion to strike lies within the discretion of the district court. *See Whittlestone, Inc.*, 618 F.3d at 973; *see also* 5C Wright et al., *supra*, § 1382 at 433 ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike."). "Motions to strike are generally disfavored and 'should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation ...' " *Jacobson v. Persolve, LLC*, No. 14-CV-00735-LHK, 2014 WL 4090809, at *2 (N.D. Cal. Aug. 19, 2014) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004)).

  **B.  Analysis**

The Court has reviewed the allegations at paragraphs 12, 18, 22-23 of Bergeson's counterclaim (ECF No. 31). The Court accepts as true the factual allegations underlying his counterclaim. Paragraphs 12 and 18 pertains to Bergeson's allegation that Eye-Fi determined that the equity units had zero value, which Bergeson alleges rendered the restrictive covenants unenforceable for lack of consideration. Paragraphs 22 and 23 also allege that there was no consideration for the Separation Agreement. The Ninth Circuit has expressly held that Rule 12(f) does not authorize a Court to strike claims on the ground that they are precluded as a matter of law. *See Whittlestone, Inc.*, 618 F.3d at 973. Eye-FI argues around this holding by insisting that the allegations regarding a lack of consideration are immaterial or impertinent. Eye-Fi does not claim that anything Bergeson alleges is redundant or scandalous. As to the Bergeson's allegations regarding the lack of consideration, these paragraphs are neither immaterial nor

impertinent. ECF No. 31, ¶¶12, 18, 22-23. Moreover, Eye-Fi fails to clearly show these allegations have no possible bearing on the subject matter of the litigation.  *See Armed Forces Bank, N.A.*, 2011 WL 5513186, at *4. Under the Ninth Circuit's strict interpretation of Rule 12(f), the question of whether there is consideration for the various agreements has a logical connection to the underlying claims. If Eye-Fi wish to challenge these allegations, then the appropriate vehicle is a motion to dismiss or a motion for summary judgment. Eye-Fi will not be prejudiced because the issues raised can be decided substantively on the concurrent request to dismiss. Considering that motions to strike are highly disfavored and the Court's considerable discretion, the Court denies the instant Motions.

**IT IS ORDERED that:**

1.  Plaintiffs Eye-Fi Holdings, LLC and Eye-Fi, LLC's *Motions to Strike* (ECF No. 42 and 43) are both DENIED.


DATED: February 14, 2025.

IT IS SO ORDERED.


_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge